UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARTHUR LEE SMITH Jr.,

Petitioner,

v.

KELLY CUNNINGHAM,

Respondent.

Case No. C09-5575FDB/JRC

REPORT AND RECOMMENDATION

NOTED FOR:
January 29, 2010

The petitioner in this action is seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b) (1) (A) and 636 (b) (1) (B) and Local Magistrates' Rules MJR 3 and MJR 4.

Petitioner is challenging his 2004 civil commitment to the Special Commitment Center. He has previously filed a federal habeas corpus petition challenging this same commitment. (Dkt. # 8, Exhibit 4). The prior federal habeas corpus petition was dismissed with prejudice (Dkt # 8, Exhibit 10 (Order dismissing Smith v. Richards, 07-CV-5039RBL/KLS)).

REPORT AND RECOMMENDATION- 1

The respondent has filed a motion to dismiss petitioner's second petition, alleging that the new petition raises claims that could have been raised in the first petition and is, therefore, successive. (Dkt. # 8).

Respondent argues: "The core principle underlying § 2244(b) is that, absent extraordinary circumstances, a federal habeas petitioner will have only one opportunity to litigate a federal habeas petition. At a minimum, a subsequent federal petition filed by a prisoner who has already received one adjudication of a habeas petition constitutes a "second or successive application" within the meaning of § 2244(b). "

Petitioner has responded (Dkt. # 11), and respondent has replied (Dkt. # 12).

Having reviewed the file, the court agrees this petition is second or successive. The court concludes this petition should be transferred to the Ninth Circuit.

## DISCUSSION

Ninth Circuit Rule 22-3 (a) states:

**Application**. Any petitioner seeking leave to file a second or successive 2254 petition or 2255 motion in district court must seek leave under 28 U.S.C. §§ 2244 or 2255. An original and five copies of the application must be filed with the Clerk of the Court of Appeals. No filing fee is required. If a second or successive petition or motion, or application for leave to file such a petition or motion, is mistakenly submitted to the district court, **the district court shall refer it to the court of appeals.**

(Emphasis added).

Petitioner argues his petition is not successive because he raises issues that are different from those raised in his first petition. He also argues the legal authority for his argument did not exist when his first petition was filed. The legal authority at issue is a Washington State Court of Appeals decision (Dkt. # 11, page 2).

This court disagrees. The issues raised by petitioner could have been incorporated in his first petition. While the case of In re Detention of Kippling, had not yet been decided, petitioner

REPORT AND RECOMMENDATION- 2

was free to raise the issues presented in that case. The <u>Kippling</u> case did not raise "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," as would be required under 28 U.S.C. §2244(b), nor does the petitioner state any other ground sufficient to justify a successive petition.

Petitioner also argues the changes to habeas corpus statutes that occurred in 1996 as a result of the passage of the Antiterrorism and Effective Death Penalty Act ("AEDPA") do not apply to him because he is not a "prisoner." The changes to 28 U.S.C. §2244 regarding the filing of second or successive petitions apply to any petition. The statute states:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. §2244.

28 U.S.C. §2244 (3)(A) provides that before a second or successive petition is filed the petitioner shall seek leave of the appropriate court of appeals. Accordingly, this case must be transferred to the Ninth Circuit.

## CONCLUSION

Based on the foregoing discussion, the Court should transfer this matter as a second or successive petition and administratively close the file.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the

REPORT AND RECOMMENDATION- 3

time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **January 29, 2010**, as noted in the caption

DATED this 30th day of December, 2009.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 4